IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PCI SYSTEMS, INC.,        Plaintiff,<br>v.<br><br>FIBERWEB, INC.,        Defendant. | Case No.<br><br>JURY DEMANDED |

## AMENDED COMPLAINT

PCI Systems, Inc. ("PCI"), for its Amended Complaint against Fiberweb, Inc. ("Fiberweb") states as follows:

## PARTIES

1. PCI is an Illinois corporation with its principal place of business located in Chicago, Illinois.

2. Fiberweb is a South Carolina corporation with its principal place of business located at 70 Old Hickory Blvd., Old Hickory, Tennessee 37138. It is the same corporation that was formerly named Reemay, Inc., and also has used the name BBA Fiberweb.

## NATURE OF ACTION

3. This is an action for violation of the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1 (the "Act").

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper under 28 U.S.C. §1332, inasmuch as the parties are citizens of different states, and the matter in controversy greatly exceeds the sum of $75,000.

5. Fiberweb is registered to do business in Illinois. Its registered agent is CT Corporation, 208 S. LaSalle Street, Suite 814, Chicago, Illinois.

6. Fiberweb has had extensive dealings with an Illinois resident, PCI, in this District. Events in this District form a substantial part of the circumstances that give rise to this action.

7. Fiberweb is subject to personal jurisdiction, and venue is proper under 28 U.S.C. §1391(a).

## BACKGROUND

8. Peter Carbonaro is President of PCI. In or about 2001, Mr. Carbonaro conceived of a new product for the exterior of a house: specifically, a high tensile strength house wrap that would enhance a structure's ability to resist high wind events. At that time, such a product did not exist. On behalf of PCI, Mr. Carbonaro disclosed that and numerous other trade secrets to Fiberweb pursuant to a written Confidentiality Agreement dated April 9, 2002. The confidential, trade secret disclosures by PCI to Fiberweb included (1) a proposed new product; (2) product information, including specific methods for increasing and varying the strength of the wrap; (3) specific markets and marketing strategies for the new product; and (4) testing, certification and development needs and strategies. PCI was and is the owner of the trade secrets.

9. PCI approached Fiberweb because Fiberweb had a conventional housewrap product, and PCI believed that PCI and Fiberweb could benefit by the joint development of the new product conceived by PCI.

10. Over the next several years, PCI worked, at Fiberweb's request, on the development of a high strength housewrap.

11. As part of the development of the new high strength housewrap product, PCI

worked with Fiberweb on the testing, refinement and marketing of the product. Fiberweb acknowledged in a letter agreement dated September 12, 2005 that the above referenced April 9, 2002 Confidentiality Agreement was still in force and effect. On many occasions, Fiberweb employees acknowledged that Mr. Carbonaro was the "inventor" of the high strength housewrap product.

12. It was initially contemplated that the new high strength housewrap would include a fastener that would allow the product to have a continuous load path. That particular functionality was covered by a patent owned by PCI, and in January of 2006, the parties entered into a license agreement for such a product. That agreement acknowledged PCI's possession of trade secrets and the continued applicability of the April 9, 2002 Confidentiality Agreement.

13. At some point, and unbeknownst to PCI, Fiberweb decided to launch the high strength housewrap product without the patented feature in an apparent effort to avoid paying PCI any compensation for the product.

14. In 2007, Fiberweb launched "Storm Wrap™." That launch was the result of Fiberweb's misappropriation of trade secrets.

## COUNT I
## TRADE SECRET MISAPPROPRIATION

15. PCI adopts and incorporates herein by reference Paragraphs 1 through 14 as Paragraphs 1 though 14 of Count I.

16. The confidential and proprietary information which PCI disclosed to Fiberweb constitutes PCI trade secrets under the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, et seq. The trade secrets have independent economic value and were not generally known to third parties and were not obtained by or readily ascertainable by proper

means by Fiberweb.

17. At all times, PCI took appropriate steps to maintain the confidentiality of its trade secrets.

18. Furthermore, the trade secrets obtained by Fiberweb from PCI were acquired under circumstances and a relationship giving rise to a duty to maintain secrecy and limit use. They have now been improperly used by Fiberweb without PCI's express or implied consent.

19. PCI has been damaged by the misappropriation and is entitled to, among other things, its actual loss caused by the misappropriation and Fiberweb's unjust enrichment derived from the misappropriation.

20. Fiberweb's misappropriation was and is willful and malicious.

## **PRAYER FOR RELIEF**

PCI respectfully requests the following relief:

A. That PCI be awarded all compensatory damages, including all of the unjust enrichment which Fiberweb has derived, arising from Fiberweb's misappropriation of PCI's trade secrets;

B. That PCI be awarded exemplary damages for Fiberweb's willful and malicious misappropriation of trade secrets;

C. That PCI recover attorneys' fees and costs of suit incurred herein; and

D. That PCI have such other and further relief as the Court and/or a jury deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

        PCI SYSTEMS, INC.

        By:    /s/ Paul K. Vickrey
                Paul K. Vickrey
                Patrick F. Solon
                NIRO, SCAVONE, HALLER & NIRO
                181 W. Madison Street
                Suite 4600
                Chicago, IL 60602
                (312) 236-0733/Fax:  (312) 236-3137

        **Attorneys for Plaintiff**