**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PCI SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:08-CV-0595 |
| | ) | |
| v. | ) | Honorable Blanche M. Manning |
| | ) | |
| FIBERWEB, INC., | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

**FIBERWEB, INC.'S ANSWER TO
PCI SYSTEMS, INC.'S AMENDED COMPLAINT**

Defendant Fiberweb, Inc. ("Fiberweb") hereby sets forth its Answer to the Amended Complaint of Plaintiff PCI Systems, Inc. ("PCI"). Responding to the individually enumerated paragraphs of the Amended Complaint, Fiberweb shows as follows:

**PARTIES**

1. PCI is an Illinois corporation with its principal place of business located in Chicago, Illinois.

Fiberweb's Answer to Paragraph 1 of the Amended Complaint:

Fiberweb is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint. Therefore, Fiberweb denies the allegations of Paragraph 1 of the Amended Complaint.

2. Fiberweb is a South Carolina corporation with its principal place of business located at 70 Old Hickory Blvd., Old Hickory, Tennessee 37138. It is the same corporation that was formerly named Reemay, Inc., and also has used the name BBA Fiberweb.

Fiberweb's Answer to Paragraph 2 of the Amended Complaint:

Fiberweb admits the allegations contained in Paragraph 2 of the Amended Complaint.

## NATURE OF ACTION

3. This is an action for violation of the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1 (the "Act").

Fiberweb's Answer to Paragraph 3 of the Amended Complaint:

Fiberweb admits that the Amended Complaint purports to state a cause of action pursuant to the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1 *et seq*. However, Fiberweb denies that it has violated any provision of the Act.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper under 28 U.S.C. §1332, inasmuch as the parties are citizens of different states, and the matter in controversy greatly exceeds the sum of $75,000.

Fiberweb's Answer Paragraph 4 of the Amended Complaint:

Fiberweb is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint. Specifically, Fiberweb is without knowledge or information sufficient to form a belief as to the citizenship of PCI, and therefore is without knowledge or information sufficient to form a belief as to the allegation that the parties are citizens of different states. Accordingly, Fiberweb denies these allegations. Further, Fiberweb is without knowledge or information sufficient to form a belief as to PCI's allegation that the matter in controversy exceeds the sum of $75,000. Fiberweb denies any

liability under the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1 *et seq.*, and accordingly denies the allegation that the matter in controversy exceeds the sum of $75,000.  Fiberweb further denies the characterization that the amount in controversy greatly exceeds the sum of $75,000.  Fiberweb denies all remaining allegations of Paragraph 4 of the Amended Complaint.

5.　　Fiberweb is registered to do business in Illinois.  Its registered agent is CT Corporation, 208 S. LaSalle Street, Suite 814, Chicago, Illinois.

Fiberweb's Answer to Paragraph 5 of the Amended Complaint:

Fiberweb admits the allegations contained in Paragraph 5 of the Amended Complaint.

6.　　Fiberweb has had extensive dealings with an Illinois resident, PCI, in this District.  Events in this District form a substantial part of the circumstances that give rise to this action.

Fiberweb's Answer to Paragraph 6 of the Amended Complaint:

Fiberweb admits that it has had dealings with PCI.  Fiberweb is without knowledge or information sufficient to form a belief as to the truth of the allegation that PCI is an Illinois resident, and, therefore, Fiberweb denies the allegation.  Fiberweb denies all remaining allegations of Paragraph 6 of the Amended Complaint.

7.　　Fiberweb is subject to personal jurisdiction, and venue is proper under 28 U.S.C. §1391(a).

Fiberweb's Answer to Paragraph 7 of the Amended Complaint:

Fiberweb admits the allegations contained in Paragraph 7 of the Amended Complaint.

**BACKGROUND**

8.     Peter Carbonaro is President of PCI.  In or about 2001, Mr. Carbonaro conceived of a new product for the exterior of a house:  specifically, a high tensile strength house wrap that would enhance a structure's ability to resist high wind events.  At that time, such a product did not exist.  On behalf of PCI, Mr. Carbonaro disclosed that and numerous other trade secrets to Fiberweb pursuant to a written Confidentiality Agreement dated April 9, 2002.  The confidential, trade secret disclosures by PCI to Fiberweb included (1) a proposed new product; (2) product information, including specific methods for increasing and varying the strength of the wrap; (3) specific markets and marketing strategies for the new product; and (4) testing, certification and development needs and strategies.  PCI was and is the owner of the trade secrets.

<u>Fiberweb's Answer to Paragraph 8 of the Amended Complaint</u>:

Fiberweb admits the existence of a written confidentiality agreement dated April 9, 2002, between Reemay, Inc., BBA Nonwovens Simpsonville, Inc., and PCI Contracting, Ltd.  PCI has not identified with sufficient specificity any information that PCI contends to be trade secrets under the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq.*, and therefore Fiberweb denies the allegations that PCI owns certain trade secrets and that such trade secrets were disclosed to Fiberweb.  Fiberweb specifically denies that PCI disclosed a "high tensile strength house wrap" to Fiberweb.  Fiberweb further denies the allegation that a "high tensile strength house wrap that would enhance a structure's ability to resist high wind events" did not exist in or about 2001.  Fiberweb is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Amended Complaint.  Therefore, Fiberweb denies the remaining allegations of Paragraph 8 of the Amended Complaint.

9. PCI approached Fiberweb because Fiberweb had a conventional housewrap product, and PCI believed that PCI and Fiberweb could benefit by the joint development of the new product conceived by PCI.

Fiberweb's Answer to Paragraph 9 of the Amended Complaint:

Fiberweb admits that it has been a manufacturer of housewrap products since the mid-1980s. Fiberweb is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Amended Complaint. Therefore, Fiberweb denies the remaining allegations of Paragraph 9 of the Amended Complaint.

10. Over the next several years, PCI worked, at Fiberweb's request, on the development of a high strength housewrap.

Fiberweb's Answer to Paragraph 10 of the Amended Complaint:

Fiberweb denies that PCI was engaged to develop a "high strength housewrap" product akin to the Typar® StormWrap™ product that appears to be the subject of the Amended Complaint. Notably, the alleged "high strength housewrap" is not defined, and "high strength housewrap" products generally were known at the time and had been invented by others. Fiberweb is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Amended Complaint. Therefore, Fiberweb denies the remaining allegations of Paragraph 10 of the Amended Complaint.

11. As part of the development of the new high strength housewrap product, PCI worked with Fiberweb on the testing, refinement and marketing of the product. Fiberweb acknowledged in a letter agreement dated September 12, 2005 that the above referenced April 9,

2002 Confidentiality Agreement was still in force and effect. On many occasions, Fiberweb employees acknowledged that Mr. Carbonaro was the "inventor" of the high strength housewrap product.

<u>Fiberweb's Answer to Paragraph 11 of the Amended Complaint</u>:

Fiberweb admits that a letter dated September 12, 2005, provides that certain terms and conditions of the confidentiality agreement dated April 9, 2002, remained in force and effect. Fiberweb denies that it worked with PCI on the development of a "new high strength housewrap product" akin to the Typar® StormWrap™ product that appears to be the subject of the Amended Complaint. Notably, the alleged "new high strength housewrap product" is not defined, and "high strength housewrap" products generally were known at the time and had been invented by others. Fiberweb is without knowledge or information sufficient to form a belief as to the truth of the allegation that Fiberweb employees acknowledged Mr. Carbonaro as the inventor of the high strength housewrap product, as the allegation lacks specificity such that a response may be provided. Fiberweb is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Amended Complaint. Therefore, Fiberweb denies the remaining allegations of Paragraph 11 of the Amended Complaint.

12.   It was initially contemplated that the new high strength housewrap would include a fastener that would allow the product to have a continuous load path. That particular functionality was covered by a patent owned by PCI, and in January of 2006, the parties entered into a license agreement for such a product. That agreement acknowledged PCI's possession of trade secrets and the continued applicability of the April 9, 2002 Confidentiality Agreement.

Fiberweb's Answer to Paragraph 12 of the Amended Complaint:

Fiberweb admits that the housewrap product contemplated by Mr. Peter Carbonaro of PCI was a continuous load path product that included a fastener. Fiberweb admits that Fiberweb and PCI entered into an agreement signed in or around January of 2006 that purports to include a license to a patent (U.S. Patent No. 5,870,861), which patent is entitled "Apparatus for a Wind Resistant Fastener." Fiberweb denies that the January 2006 agreement acknowledged PCI's possession of trade secrets and the continued applicability of the April 9, 2002, confidentiality agreement. Fiberweb is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Amended Complaint. Therefore, Fiberweb denies the remaining allegations of Paragraph 12 of the Amended Complaint.

13. At some point, and unbeknownst to PCI, Fiberweb decided to launch the high strength housewrap product without the patented feature in an apparent effort to avoid paying PCI any compensation for the product.

Fiberweb's Answer to Paragraph 13 of the Amended Complaint:

Fiberweb admits that it has not launched any high strength housewrap product that includes any feature patented by PCI or Mr. Peter Carbonaro, and Fiberweb admits that no compensation is due to a patent owner whose alleged invention is not utilized. Fiberweb denies the remaining allegations of Paragraph 13 of the Amended Complaint.

14. In 2007, Fiberweb launched "Storm Wrap™." That launch was the result of Fiberweb's misappropriation of trade secrets.

<u>Fiberweb's Answer to Paragraph 14 of the Amended Complaint</u>:

Fiberweb admits that it launched a product identified as Typar® StormWrap™ in 2007. PCI has not identified with sufficient specificity any information that PCI contends to be trade secrets under the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq.*, and therefore Fiberweb denies the allegations that the launch of StormWrap™ was the result of Fiberweb's misappropriation of trade secrets. Fiberweb further denies that it has misappropriated any trade secrets owned or held by PCI. Fiberweb denies any remaining allegations of Paragraph 14 of the Amended Complaint.

## COUNT I
## TRADE SECRET MISAPPROPRIATION

15.     PCI adopts and incorporates herein by reference Paragraphs 1 through 14 as Paragraphs 1 through 14 of Count I.

<u>Fiberweb's Answer to Paragraph 15 of the Amended Complaint</u>:

Fiberweb repeats and re-alleges its responses to the allegations contained in Paragraphs 1 through 14 of the Amended Complaint as if fully set forth herein.

16.     The confidential and proprietary information which PCI disclosed to Fiberweb constitutes PCI trade secrets under the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq*. The trade secrets have independent economic value and were not generally known to third parties and were not obtained by or readily ascertainable by proper means by Fiberweb.

<u>Fiberweb's Answer to Paragraph 16 of the Amended Complaint</u>:

PCI has not identified with sufficient specificity any information that PCI contends to be trade secrets under the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq.*, and

therefore Fiberweb denies the allegations of Paragraph 16 of the Amended Complaint. Fiberweb further denies that any information disclosed by PCI to Fiberweb constitute trade secrets under the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq.*, and still further denies that any such information has or had independent economic value and was not generally known to third parties. Fiberweb denies that any information which PCI contends constitutes a trade secret was not obtained by or readily ascertainable by proper means by Fiberweb. Fiberweb denies any remaining allegations of Paragraph 16 of the Amended Complaint.

17.     At all times, PCI took appropriate steps to maintain the confidentiality of its trade secrets.

<u>Fiberweb's Answer to Paragraph 17 of the Amended Complaint</u>:

PCI has not identified with sufficient specificity any information that PCI contends to be trade secrets under the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq.*, and therefore Fiberweb denies the allegations of Paragraph 17 of the Amended Complaint. Furthermore, Fiberweb denies the allegations of Paragraph 17 of the Amended Complaint inasmuch as Fiberweb is without knowledge or information sufficient to form a belief as to the truth of the allegations.

18.     Furthermore, the trade secrets obtained by Fiberweb from PCI were acquired under circumstances and a relationship giving rise to a duty to maintain secrecy and limit use. They have now been improperly used by Fiberweb without PCI's express or implied consent.

<u>Fiberweb's Answer to Paragraph 18 of the Amended Complaint</u>:

PCI has not identified with sufficient specificity any information that PCI contends to be trade secrets under the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq.*, and therefore Fiberweb denies the allegations of Paragraph 18 of the Amended Complaint. Fiberweb further denies that any information obtained by Fiberweb from PCI was acquired under circumstances or a relationship giving rise to a duty to maintain the secrecy or limit use of the information. Fiberweb further denies that such information has been improperly used by Fiberweb. Fiberweb still further denies that such information has been used without PCI's express or implied consent. Fiberweb denies any remaining allegations of Paragraph 18 of the Amended Complaint.

19.     PCI has been damaged by the misappropriation and is entitled to, among other things, its actual loss caused by the misappropriation and Fiberweb's unjust enrichment derived from the misappropriation.

Fiberweb's Answer to Paragraph 19 of the Amended Complaint:

Fiberweb denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Fiberweb's misappropriation was and is willful and malicious.

Fiberweb's Answer to Paragraph 20 of the Amended Complaint:

Fiberweb denies the allegations contained in Paragraph 20 of the Amended Complaint.

Except as expressly admitted herein, Fiberweb denies each and every allegation contained in the Amended Complaint. Furthermore, Fiberweb denies that PCI is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

PCI fails to state against Fiberweb a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

PCI's purported claim for relief is governed by the law of the State of Tennessee, and therefore PCI fails to state a claim pursuant to the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

On information and belief, the information that PCI contends constitutes a trade secret pursuant to the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq.* is not subject to protection as a trade secret.

### FOURTH AFFIRMATIVE DEFENSE

On information and belief, PCI is not the owner or holder of any trade secret pursuant to the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

Fiberweb has not misappropriated any trade secret owned or held by PCI.

### SIXTH AFFIRMATIVE DEFENSE

Fiberweb has not willfully or maliciously misappropriated any trade secret owned or held by PCI.

### SEVENTH AFFIRMATIVE DEFENSE

On information and belief, PCI's claims are barred, in whole or in part, based upon license.

### EIGHTH AFFIRMATIVE DEFENSE

On information and belief, PCI's claims are barred, in whole or in part, based upon the public availability of the information that PCI contends constitutes a trade secret pursuant to the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/1, *et seq*.

WHEREFORE, having fully answered and defended, Fiberweb prays that PCI's claims be dismissed with all costs cast upon PCI and with an award of reasonable attorneys' fees entered in favor of Fiberweb, pursuant to the Illinois Uniform Trade Secrets Act, 765 ILCS 1065/5.

### **JURY DEMAND**

Fiberweb demands a trial by jury on all issues properly tried to a jury.

Respectfully submitted,

**MICHAEL BEST & FRIEDRICH LLP**

Dated: April 8, 2008        s/ Charles A. Laff

Charles A. Laff (#1558153)
Marshall J. Schmitt (#6184893)
Gilberto E. Espinoza (#6277437)
Two Prudential Plaza
180 North Stetson Avenue
Suite 2000
Chicago, IL  60601-6710
Tel: 312.222.0800
Fax: 312.222.0818
calaff@michaelbest.com
mjschmitt@michaelbest.com
geespinoza@michaelbest.com

*Of Counsel:*

Michael S. Connor
Kirk T. Bradley
Scott Stevens
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tyron Street, Suite 4000
Charlotte, NC  28280-4000
Tel: 704.444.1000
Fax: 704.444.1111
michael.connor@alston.com
kirk.bradley@alston.com
scott.stevens@alston.com

Attorneys for Defendant Fiberweb, Inc

## CERTIFICATE OF SERVICE

      I, Charles A. Laff, hereby certify that a copy of the foregoing **FIBERWEB, INC.'S ANSWER TO PCI SYSTEMS, INC.'S AMENDED COMPLAINT** has been served, via the ECF system, this 8th day of April 2008, on the following counsel of record for plaintiff:

>Paul K. Vickrey
>Patrick F. Solon
>**NIRO SCAVONE, HALLER & NIRO**
>181 W. Madison Street
>Suite 4600
>Chicago, IL 60602

>/s/  Charles A. Laff
>One of the Attorneys for defendant
>Fiberweb, Inc.